**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Empire Fire and Marine Insurance Company, a Nebraska company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Judita Bittermann-Halbreich, a single woman and German national residing in the Country of Germany; and Klaus Bloch, a German national residing in the Country of Germany,<br><br>　　　　　Defendants. | No. CV-07-675-PCT-MHM<br><br>**ORDER** |

Currently pending before the Court are the Defendants' separate Motions to Dismiss (Dkt. #12, 14). After considering the pleadings, briefing and oral argument in the case, the Court issues the following Order.

I. Background

Defendant Judita Bittermann-Halbreich entered into an automobile rental contract with Steward Ventures, an Independent Licensee of National Care Rental and Alamo Rent-A-Car. (Cmplt. Dkt. #1). Empire Fire and Marine Insurance ("Empire" or "the Plaintiff") offered supplemental liability coverage to renters of motor vehicles, and Defendant Bittermann-Halbreich purchased that supplemental coverage. (Id.)

On August 13, 2004, Defendant Klaus Bloch was driving the rental car when he lost control of the vehicle, causing a single-car accident. Defendant Bittermann-Halbreich was

1    a passenger of the vehicle at the time of the accident and was injured. (Id.) She incurred
2    medical expenses in excess of $430,000. (Id.)

3          Defendant Bittermann-Halbreich filed a lawsuit against Defendant Bloch in Arizona
4    state court, alleging that he negligently operated the rental vehicle. (Id.) Defendant
5    Bittermann-Halbreich also made a demand upon Empire to pay under the Supplemental
6    Liability Insurance Policy for the injuries she received. (Id.) Defendant Bloch also made a
7    claim under the Supplemental Liability Insurance Policy, seeking to have Empire provide a
8    defense for Bittermann-Halbreich's lawsuit against him. He claimed in addition an
9    entitlement to indemnity up to the policy limits of $1,000,000 for any judgment that may be
10   entered against him. (Id.) Empire denied these claims.

11         Empire filed this action on March 29, 2007 pursuant to the Federal Declaratory
12   Judgment Act, 28 U.S.C. § 2201, *et. seq.* The Plaintiff brought suit on the basis of diversity
13   jurisdiction, seeking a declaration that (1) there is no coverage for any claims asserted against
14   it by Defendant Judita Bittermann-Halbreich arising out of an automobile accident; and (2)
15   that Empire is not obligated to defend or indemnify Defendant Klaus Bloch against any
16   claims brought against him arising out of the accident. (Id.)

17         After the Plaintiff filed this suit, Defendant Bittermann-Halbreich amended her state
18   court action to include a claim for declaratory relief against Empire, as well as claims for
19   breach of contract and insurance bad faith. (Dkt. #27, Exhibit 4).

20         The Defendants request that the Court decline to exercise its discretionary jurisdiction.
21   They seek dismissal of the action in favor of the ongoing proceeding pending in state court
22   in which (they allege) all matters can be fully adjudicated. (Dkt. #12, 14).

23   II.  Standard of Review

24         A district court's assumption of jurisdiction over a declaratory judgment action is
25   discretionary rather than mandatory. Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995).
26   That discretion, however, is not unfettered. GEICO v. Dizol, 133 F.3d 1220, 1223 (9th Cir.
27   1998). The Court may not decline to entertain a declaratory judgment action merely "as a
28   matter of whim or personal disinclination." Id.

The applicable guidance for the district court's exercise of discretion is found in Brillhart v. Excess Ins. Co. Of America, 316 U.S. 491 (1942), and its progeny. Brillhart provides:

> [I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.
>
> [The district court] should ascertain whether the questions in controversy between the parties to the federal suit . . . can be better settled in the proceeding pending in the state court.

316 U.S. at 495.

The Ninth Circuit has developed several factors that courts should consider in applying the guidance of Brillhart and deciding whether to exercise jurisdiction. District courts should (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; (3) avoid duplicative litigation; and (4) consider whether all necessary parties can be joined. Continental Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371 (9th Cir. 1991).

Discretion to decline jurisdiction "is not dependent on the pendency of a state court proceeding at the time a federal declaratory judgment action is filed." Budget Rent-A-Car v. Crawford, 108 F.3d 1075, 1079 (9th Cir. 1997) overruled on other grounds by GEICO v. Dizol, 133 F.3d 1220, 1224 (9th Cir. 1998). That no state court action is pending when a claim is filed under the Declaratory Judgment Act does not relieve the district court of its duty to examine all of the relevant Brillhart factors in existence at the time it exercises discretionary jurisdiction. Id. District courts must "weigh considerations of comity, sound judicial administration, and the policy against forum shopping" before ruling on the merits of a claim for declaratory relief. Id. at 1079-80.

III. Analysis

To determine whether the exercise of its discretionary jurisdiction is appropriate, the

1 Court will apply the guidance of <u>Brillhart</u> and examine the relevant factors informing its
2 discretion.

### A.  Needless Determination of State Law Issues

The Court finds that, although the issues in the case may not be highly complex, they necessarily involve the intricacies of state insurance law.  And while the Court recognizes that "there is no presumption in favor of abstention generally, nor in insurance coverage cases specifically," <u>GEICO v. Dizol</u>, 133 F.3d 1220, 1225-26 (9th Cir. 1998), it finds here that *any* determination of state law issues in this case is needless in light of the state court forum in which these legal issues can and will be resolved.  Accordingly, this factor weighs slightly in favor of declining jurisdiction.

### B.  Discourage Forum Shopping

Both parties in the case have accused the other of being the primary culprit of forum shopping.  The parties shed some light on this issue in oral argument, where counsel for the Defendants provided the Court with a rough time line of the state court case.  The original action was a simple negligence action between Defendant Bittermann-Halbreich and Defendant Bloch.  According to the Defendants' counsel, Empire was not eligible to be named as a Defendant until *after* it denied coverage on the claims made by Bittermann-Halbreich and Bloch.  It was only after this denial that the Damron/Morris agreement (and the attendant assignment of rights) could be contemplated.  According to the Defendants, Empire selected the federal forum and filed a declaratory judgment action before they sought to amend their complaint and add Empire to the suit.

When questioned in oral argument, counsel for the Plaintiff conceded that a Damron/Morris agreement is not entirely unforeseeable after a denial of coverage.  It is therefore reasonable to assume that Empire may have suspected it might eventually be brought into the state court action, giving its federal declaratory judgment action at least the appearance of "reactive" litigation.  See <u>Carolina Casualty Co. v. Robsac Industries</u>, 947 F.2d 1367, 1372-73 (9th Cir. 1991).  Accordingly, the Court finds that to the extent that this factor favors either party, the facts here weigh slightly in favor of declining jurisdiction.

C.  Duplicative Litigation

Counsel for the Defendants pointed out in oral argument that the state court case — now that the court has accepted Defendant Bittermann-Halbreich's Amended Complaint — will continue regardless of whether this Court accepts discretionary jurisdiction here. In fact, counsel informed the Court that discovery regarding the coverage dispute is currently underway.

It is also notable that in its Response to the Motion to Dismiss, Empire argued that, should the state court grant the Defendant's motion to amend, the entire declaratory judgment action "will be properly removed to federal court and consolidated with this action." (Dkt. #16). According to the parties, the motion to amend was in fact granted, but the time for removal to federal court has since passed. Counsel for Empire conceded in oral argument that the state court action, as presently structured, is not properly subject to removal.

Given that the issue of coverage will be (and apparently is presently being) litigated in state court, complete duplication of efforts would likely result if this Court were to accept jurisdiction. This duplicative litigation would also put the parties at risk of inconsistent judgments. The Court finds that this factor weighs heavily in favor of dismissal in favor of the state forum in which the parties may litigate *all* of the issues.

D.  Necessary Parties

Although the Court finds that the aforementioned factors in and of themselves weigh in favor of declining jurisdiction, the Court will briefly address the issue of necessary parties.

The Defendants argue that federal diversity jurisdiction is defeated here because Steward Ventures is a necessary party whose presence would destroy complete diversity. The Court does not deem it necessary to conduct an in-depth review, but notes that it appears Steward Ventures is indispensable based on the Defendants' theory of liability — the doctrine of reasonable expectations — for coverage. Although the Plaintiff makes a somewhat complex legal argument regarding the realignment of parties according to their interests, the Court declines to engage in the legal gymnastics required to arrive at the conclusion that the parties are in fact diverse. Counsel for Empire conceded at oral argument

1  that the state court case as presently structured is not removable. Accordingly, this factor
2  also weighs in favor of declining jurisdiction.
3  IV. Conclusion
4       Applying the factors of Brillhart and its progeny, the Court finds that the exercise of
5  its discretionary jurisdiction should be declined in this case. Each factor weighs in favor of
6  dismissal of the action in favor of the ongoing state court litigation.
7       Accordingly,
8       **IT IS ORDERED** granting the Defendants' Motions to Dismiss. (Dkt. #12, 14).
9       **DATED this 5th day of September, 2008.**

_____
Mary H. Murguia
United States District Judge